UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20554-BLOOM/Louis

JOE NATHAN PYATT, JR.,

    Plaintiff,

v.

FLORIDA INTERNATIONAL
UNIVERSITY POLICE DEPARTMENT,
Unincorporated Miami-Dade,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's, Florida International University Police Department, ("Defendant") Motion to Dismiss, ECF No. [5] ("Motion"). Plaintiff, Joe Nathan Pyatt, Jr. ("Plaintiff"), filed his Response to the Motion, ECF No. [8] ("Response"), to which Defendant filed its Reply, ECF No. [9] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.    BACKGROUND**

This matter stems from a lawsuit Plaintiff initiated in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendant on December 2, 2019. ECF No. [1].

According to the Amended Complaint, ECF No. [1-2] (the "Complaint"), Plaintiff is an alumnus of Florida International University ("FIU"). *Id.* at ¶ 4. While somewhat difficult to follow, he appears to allege that in October 2016, he was charged with assault with a deadly weapon arising from a physical altercation that occurred at FIU. *Id.* at ¶ 18. Plaintiff asserts that he and a

roommate called the police to report that an individual named Donnavin Bulgin was in their dorm room, *id.* at ¶ 19, and that after waiting for the police to arrive, Plaintiff was detained "without being asked any questions" and was then suspended by FIU for one year. *Id.* at ¶¶ 20-22. Plaintiff alleges that all charges have been dropped against him. *Id.* at ¶ 26.[1]

Following his arrest and suspension, in December 2018, Plaintiff was given a trespass warning after being found sleeping in the FIU Green Library on a Sunday morning. *Id.* at ¶ 8. He was instructed to return in January to lift the trespass warning. *Id.* at ¶ 9. On January 3, 2019, he went to the FIU police department but claims that he was "arrested without probable cause" for resisting arrest without violence. *Id.* at ¶ 10. One week later, he returned to the police department where he met with officers and was advised to set up a call with the Chief of Police. *Id.* at ¶ 11. According to Plaintiff, he then spoke with Defendant's Chief of Police and "was assured that if [he] got accepted into the FIU graduate program that the FIUPD Chief of Police would lift the trespass." *Id.* at ¶ 12. He further adds that he was directed to "follow the same procedure as advised in the trespass warning for policy on how to enter the campus." *Id.* at ¶ 12.

In February 2019, Plaintiff obtained an escort to enter campus for purposes of meeting with an FIU business graduate advisor, but he was reportedly told by an unidentified police sergeant not to come back to FIU. *Id.* at ¶¶ 13-14. In March 2019, Plaintiff returned to the police department to attend a public speaking seminar and to retrieve property kept from his previous arrest. *Id.* at ¶ 15. According to Plaintiff, he encountered the sergeant who remarked, "[d]idn't I tell you not to come back?" and then "wrongfully accused" Plaintiff by stating, "[a]ren't you suspended? You're not allowed to be on campus. You were involved in a stabbing." *Id.* at ¶¶ 16-17. Plaintiff alleges

---

[1] The Complaint does not provide factual details regarding the nature of the altercation or Plaintiff's role in it, why charges were dropped, why Plaintiff was arrested or detained "without being asked any questions," or why he was suspended from FIU.

that he was then arrested again "without probable cause." *Id.* at ¶ 17.[2]

Based on these background allegations, Plaintiff now seeks damages in excess of $100,000.00 for alleged violations of his rights under the Florida Civil Rights Act of 1871, Fla. Stat. § 760.01 *et seq.* ("FCRA") and 42 U.S.C. § 1983. *Id.* at ¶ 1. The Complaint alleges four counts against Defendant sounding in civil rights and tort violations. Specifically, Plaintiff alleges false arrest in violation of the FCRA (Count I), false imprisonment in violation of the FCRA (Count II), malicious prosecution in violation of the FCRA (Count III), and negligence in violation of the FCRA (Count IV).[3] *See* ECF No. [1-2].

On February 6, 2020, Defendant filed its Notice of Removal, ECF No. [1], pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1443, removing the pending lawsuit to this Court on federal question jurisdiction and civil rights grounds. That same day, Defendant filed the instant Motion, ECF No. [5]. Defendant seeks dismissal with prejudice of each count in the Complaint due to substantive and procedural deficiencies. Specifically, Defendant maintains that it is not a legal entity amenable to suit under Florida law, the FCRA does not support any of the claims brought by Plaintiff, Defendant is not a "person" subject to suit under 42 U.S.C. § 1983, Plaintiff failed to provide statutory pre-suit notice pursuant to Fla. Stat. § 768.28 to bring actionable state tort claims, and amendment is futile. *See generally* ECF No. [5].

In the Response, Plaintiff concedes that the Complaint suffers from certain pleading errors, but he argues that leave to amend will nevertheless cure the problems. In particular, Plaintiff concedes that (1) Defendant is not a proper party and that Florida International University Board

---

[2] Plaintiff alleges, in Count I only, that the grounds for his arrest on March 8, 2019 was for disorderly conduct and trespass after warning. *See* Complaint at ¶ 35.

[3] Although ostensibly brought pursuant to the FCRA, Counts I and II also expressly allege that Defendant's actions violated 42 U.S.C. § 1983. *See* ¶¶ 28, 38.

of Trustees ("FIUBOT") should substitute in its place, (2) the FCRA is inapplicable, and (3) the State of Florida is not a "person" pursuant to 42 U.S.C. § 1983 and that neither Defendant nor FIUBOT can be held liable under § 1983. *See* ECF No. [8]. However, he challenges that pre-suit notice is not required to bring his negligence claim (Count IV) under these circumstances and that a municipality—seemingly Unincorporated Miami-Dade—is ultimately subject to § 1983 liability. *See id.*

In Reply, Defendant reasserts that dismissal is appropriate because amendment is futile and that it is not a municipality and, therefore, cannot be liable under Plaintiff's proposed § 1983 theory against Unincorporated Miami-Dade. *See* ECF No. [9]. Further, Defendant stresses that Plaintiff was required to provide pre-suit notice as a condition precedent to maintain its tort claims and that to the extent Count IV seeks to impose § 1983 liability against Defendant, it fails to state a claim. *Id.*

The Motion, accordingly, is ripe for consideration.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct.

1937 (*quoting Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *see Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682, 129 S.Ct. 1937).

A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and the attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (*citing Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). "[W]hen the exhibits contradict the general and conclusory

allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). It is through this lens that the Court addresses the instant Motion.

### III.   DISCUSSION

Deciding whether Defendant is entitled to have the lawsuit dismissed with prejudice raises two overarching issues. The first is whether the Complaint fails to state claims upon which relief can be granted. The second is whether amendment is futile. To answer these issues, the Court will address each of Defendant's arguments supporting dismissal first and then turn to the second issue regarding futility of amendment.

#### A.   Defendant is not a legal entity subject to suit

Defendant argues, and Plaintiff concedes, that Defendant does not have the capacity to be sued as a legal entity under Florida law. The Court likewise agrees. Specifically, Fla. Stat. § 1001.72(1) provides that for a public university, such as FIU, to sue and be sued, the university's Board of Trustees must be named as the party defendant and served with process. As such, FIUBOT, rather than the FIU police department, is the proper party defendant for any action against FIU,[4] and that entity, rather than Defendant, needs to be served with process. *See Watts v. Fla. Int'l Univ.*, No. 02-60199-CIV, 2005 WL 3730879, at *1 (S.D. Fla. June 9, 2005), *vacated in part on other grounds*, 495 F.3d 1289 (11th Cir. 2007) (stating that the FIU Board of Trustees "has the authority to sue and be sued" pursuant to Fla. Stat. § 1001.72(1)); *Paylan v. Teitelbaum*, No. 1:15-CV-159-MW-GRJ, 2016 WL 1068443, at *4-5 (N.D. Fla. Feb. 16, 2016), *report and recommendation adopted*, No. 1:15CV159-MW/GRJ, 2016 WL 1069667 (N.D. Fla. Mar. 17, 2016) (dismissing lawsuit against the University of Florida and UF & Shands Florida Recovery

---

[4] Section 1012.97, Fla. Stat., provides that "[e]ach university is empowered and directed to provide for police officers for the university, and such police officers shall hereafter be known and designated as the 'university police.'"

Center for improperly named parties and improper service under Fla. Stat. § 1001.72(1) where the University of Florida Board of Trustees was the proper party to be named and served); *Hankins v. Dean of Commc'ns, Valencia Coll.*, No. 6:12-CV-997-ORL-28, 2012 WL 7050630, at *1-2 (M.D. Fla. Dec. 21, 2012), *report and recommendation adopted*, No. 6:12-CV-997-ORL-28, 2013 WL 521676 (M.D. Fla. Feb. 11, 2013) (dismissing lawsuit against Valencia College because "if [plaintiff] intended to sue Valencia College, she named the wrong Defendant. The proper defendant would be 'The Valencia College Board of Trustees'"); *O'Hara v. Univ. of W. Fla.*, No. 3:07CV351/RS/MD, 2008 WL 4833104, at *2 (N.D. Fla. Nov. 5, 2008) (dismissing lawsuit where the UWF Board of Trustees was not named as the proper party defendant); *U.S. E.E.O.C. v. Fla. Gulf Coast Univ.*, No. 2:06-CV-326FTM29SPC, 2007 WL 2077577, at *2 (M.D. Fla. July 16, 2007) (dismissing lawsuit against FGCU because the complaint did not name The Gulf Coast University Board of Trustees, the proper party defendant, pursuant to Fla. Stat. § 1001.72(1)).

Here, Plaintiff has sued the wrong legal entity and he has not properly effectuated service of process on FIUBOT. *See* Fed. R. Civ. P. 12(b)(4) and 12(b)(5) (providing that a pleading may be dismissed for insufficient process and insufficient service of process). Therefore, on this basis alone, Counts I, II, III, and IV are due to be dismissed. Whether dismissal should be with or without prejudice is dependent on further analysis below.

### B. The FCRA is inapplicable to Plaintiff's alleged causes of action

Defendant argues, and Plaintiff similarly concedes, that the FCRA is an inappropriate vehicle for Plaintiff to bring his claims. As set forth in the Complaint, every count (false arrest, false imprisonment, malicious prosecution, and negligence) is brought pursuant to an alleged FCRA violation. That statute, however, provides that its purposes are to "secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy,

national origin, age, handicap, or marital status[.]" *See* Fla. Stat. § 760.01(2). The Complaint does not contain any allegations from which the Court can reasonably infer that Plaintiff was subject to discrimination in general let alone from any of the specified prohibited categories depicted in the statute. Accordingly, Counts I, II, III, and IV fail to set forth a valid claim upon which relief can be granted on this basis. Dismissal of all claims, therefore, is warranted.

### C. Defendant is not a "person" subject to suit under 42 U.S.C. § 1983

Defendant argues, and Plaintiff concedes, that Defendant is not subject to liability under 42 U.S.C. § 1983 because it is not a "person" as defined in the statute. *See id.* ("Every person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities . . . shall be liable to the party injured[.]"). The Court likewise agrees. A state, or state agency, such as Defendant or FIUBOT is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Lumpkin v. Attorney Gen., Fla.*, 703 F. App'x 715, 718 (11th Cir. 2017) (affirming dismissal of § 1983 claim because "the State of Florida is no 'person' for purposes of section 1983") (citing *Will*, 491 U.S. 58)); *Taylor v. Dep't of Pub. Safety*, 142 F. App'x 373, 374-75 (11th Cir. 2005) (affirming dismissal of § 1983 claims against state agencies because they are not "persons" for purposes of § 1983); *McGuire v. Fla. Lottery*, 520 F. App'x 850, 851 (11th Cir. 2013) (affirming dismissal of § 1983 complaint because the Florida Lottery does not constitute a "person" under § 1983 and enjoys immunity as a state agency pursuant to the Eleventh Amendment). Therefore, Counts I and II, which expressly allege violation of § 1983, fail as a matter of law.

In a bid to salvage his claims, Plaintiff appears to argue in his Response that even if

Defendant (or FIUBOT) is not a proper defendant for purposes of alleging a violation of § 1983, "the Plaintiff must name the person and has attempted to properly name the person proper under a section 1983 claim, the municipality." *See* ECF No. [8] at 3; *see also id.* at 3-5 ("Although the FIU Police officers were state officials, the municipality can be held liable for their actions under 42 U.S.C. [1983]. . . . As a matter of law, the 42 U.S.C. § 1983 claims are directed to the proper person under which liability can be established, the Municipality. Thus, FIUBOT . . . is not the person that will be held accountable under 42 U.S.C. § 1983. . . . The Plaintiff has also erred in naming the Municipality responsible as the person under 42 U.S.C. § 1983.") (footnote omitted). The Response proceeds to allege *Monell* liability and cites cases supporting municipal liability. However, it is undisputed that neither Defendant not FIUBOT are municipalities.[5] And, in any event, they are not subject to liability under § 1983. Counts I and II, therefore, do not state an actionable claim.

Count IV, separately, adopts and incorporates paragraphs 1-26 of the Complaint, which include Plaintiff's allegations that his lawsuit is brought pursuant to § 1983. To the extent that this count purports to state a § 1983 claim under a negligence theory, that claim is also unavailing. *See O'Boyle v. Bradshaw*, 952 F. Supp. 2d 1310, 1316 n.4 (S.D. Fla. 2013) (dismissing § 1983 claim founded on a negligence theory and noting that amendment was futile because a § 1983 requires more than negligence to be actionable) (citing *Anderson v. Ga. State Pardons & Parole Bd.*, 165 F. App'x 726, 729 (11th Cir. 2006) ("To the extent that [Plaintiff] raises a negligence claim for the individual defendants[] failure to perform their duties, that claim has no merit. Section 1983 requires more than negligence.")).

---

[5] The Response also asserts that the Municipality, "Unincorporated Miami-Dade," a non-party to this action, has been served. *See* ECF No. [8] at 5. However, the Return of Service that Plaintiff attaches, ECF No. [8-1], reflects that the summons was unserved.

### D. Plaintiff did not provide required pre-suit notice

Defendant contends that to the extent that Plaintiff's claims are construed as supplemental state tort law claims, dismissal is appropriate because he neither alleged nor established that he complied with giving statutory pre-suit notice pursuant to Fla. Stat. 768.28(6). Specifically, Plaintiff did not attach a pre-suit notice letter and/or proof of service or receipt nor did he plead compliance with the statute. In Response, Plaintiff agrees that he did not provide pre-suit notice but maintains that he was not required to do so because he "is not required to bring a negligence suit against the state when it involves a federal civil rights claim[.]" ECF No. [8] at 4. He also appears to justify not providing notice because of a statement found on the Florida Department of Financial Services, Division of Risk Management website regarding the claims process for insurance: "There are no notice of claim requirements or forms for reporting a federal civil rights claim to Risk Management. Claimants can outline their claim in a notice letter or can file a lawsuit with no waiting or investigation period." *See id.* at 2.[6] Upon review, the Court does not find Plaintiff's position to have merit. The Florida Department of Financial Services' website does not support the proposition that the requirements of Fla. Stat. § 768.28 are eliminated where state law claims are brought in addition to federal civil rights claims.

Section 768.28 establishes a "limited waiver of sovereign immunity[.]" *See id.* at Fla. Stat. § 768.28(5). "To waive sovereign immunity, the State must receive notice of each claim against it. The purpose of the notice requirement is to provide the State and its agencies sufficient notice

---

[6] Plaintiff does not provide any citation for his representation, but the Court notes that the statement that he references is located at https://www.myfloridacfo.com/Division/Risk/Liability/ClaimsProcess.htm (last visited February 20, 2020).

of claims filed against them and time to investigate and respond to those claims." *Cunningham v. Fla. Dep't of Children and Families*, 782 So. 2d 913, 915 (Fla. 1st DCA 2001) (internal citation omitted). *See also Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988) (explaining that pre-suit notice is "an essential element of the cause of action" and that the defense of failure to give notice may be raised at any time prior to trial or at the trial on the merits). Compliance with the notice requirement of Fla. Stat. § 768.28(6) is a condition precedent to maintaining suit against a government entity. *See Maynard v. State, Dep't of Corrections*, 864 So. 2d 1232, 1233 (Fla. 1st DCA 2004). To satisfy this statutory precondition, "not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice." *Levine v. Dade Cty. Sch. Bd.*, 442 So. 2d 210, 213 (Fla. 1983). Further, the pre-suit notice requirement "is strictly construed, with strict compliance being required." *Maynard*, 864 So. 2d at 1234 (citing *Metro. Dade Cty. v. Reyes*, 688 So. 2d 311 (Fla. 1996) and *Levine*, 442 So. 2d 210).

Here, Plaintiff did not provide any pre-suit notice nor is he excused from doing so. Florida courts routinely direct that the failure to comply with this statutory precondition mandates dismissal. *See, e.g.*, *Levine*, 442 So. 2d at 212-13 (holding that complaint was properly dismissed where plaintiff did not provide written pre-suit notice within three years of accrual of the claim); *Commercial Carrier Corp. v. Indian River Cty.*, 371 So. 2d 1010, 1023 (Fla. 1979) (holding that the failure of the pleadings to allege compliance with pre-suit notice does not warrant dismissal with prejudice but instead dismissal with leave to amend); *Maynard*, 864 So. 2d at 1234 (affirming dismissal of negligence action where appellant failed to strictly comply with the pre-suit notice requirement); *Wemett v. Duval Cty.*, 485 So. 2d 892, 893 (Fla. 1st DCA 1986) (explaining that trial court should have dismissed action without prejudice for failure to comply with notice provision because the case had not been decided on the merits and the statute of limitations had

not yet run at the time of dismissal); *Scullock v. Gee*, 161 So. 3d 421, 423 (Fla. 2d DCA 2014) (noting that the failure to allege compliance with the statutory pre-suit notice requirement subjects a complaint to dismissal without prejudice). *See also Schaeffer v. Sch. Bd. of Broward Cty., Fla.*, 69 F. Supp. 3d 1327, 1329 (S.D. Fla. 2014) ("Generally, an action pursued without first satisfying the statutory notice provision must be dismissed without prejudice, so that plaintiff may amend his complaint to comply with the requirement. However, where the time for notice has expired and it is evidence that the plaintiff cannot fulfill that requirement, a dismissal with prejudice is warranted.") (internal citation omitted). In light of Plaintiff's failure to plead compliance with this condition precedent and to provide actual pre-suit notice, dismissal of Counts III and IV, which allege state tort claims, is in order.

Having determined that none of Plaintiff's alleged claims are sufficiently stated at this time, the Court will now proceed to determine whether dismissal should be with or without prejudice.

### E. Amendment is futile

Defendant contends that the entire Complaint should be dismissed with prejudice because amendment is futile. More specifically, it states that even if the Complaint could be amended to substitute FIUBOT for Defendant and even if Plaintiff removed the FCRA aspects from his pleading, amendment would nonetheless be immaterial because "a state agency such as the state Defendant is not subject to suit under 42 U.S.C. § 1983 and Plaintiff has failed to satisfy Florida's pre-suit notice requirements." ECF No. [5] at 8. The Court agrees with Defendant's argument as it relates to Plaintiff's § 1983 claims as set forth above. Counts I and II, therefore, are dismissed with prejudice. However, the Court does not agree with Defendant's argument as it relates to the state law tort claims. As noted, although a court is justified in dismissing a complaint without prejudice where the plaintiff fails to allege and satisfy the pre-suit notice requirement, dismissal

with prejudice should only arise where plaintiff cannot fulfill this requirement even with leave to amend. The "failure to provide the required presuit notice is viewed by the courts as a temporary procedural bar to a lawsuit against the State or one of its subdivisions." *Widmer v. Caldwell*, 714 So. 2d 1128, 1129 (Fla. 1st DCA 1998). Dismissal for failure to give pre-suit notice "should be without prejudice where the statute of limitation has not yet run at the time of dismissal" because the "failure to give presuit notice does not equate with 'a complete absence of a justiciable issue of either law or fact[.]" *Id.* (citation omitted).

Plaintiff alleges that his malicious prosecution claim accrued in 2019. His negligence claim, moreover, potentially implicates conduct occurring in 2016, 2018, and 2019. Therefore, solely on the basis of the statute of limitations, it is feasible for Plaintiff to conceptually provide pre-suit notice within the time limits set forth in Fla. Stat. § 768.28(6). Nevertheless, the Court finds that amendment is futile and that Counts III and IV should be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida because the Court lacks subject matter jurisdiction over these claims.

The lawsuit was removed to the Court on federal question jurisdiction and civil rights grounds. *See* ECF No. [1] (removing based on 28 U.S.C. §§ 1331, 1343, and 1441). Because Counts I and II, the federal civil rights claims, are not actionable against Defendant or FIUBOT as a matter of law, the Court cannot independently exercise diversity jurisdiction or federal question jurisdiction over Counts III and IV. Under these circumstances, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction). *See also 2051 Lush Apartments, LLC v. City of Lauderhill*, No. 16-cv-60804-BLOOM/Valle, 2016 WL 10651918, at *5 (S.D. Fla. Oct. 20, 2016) (dismissing complaint

with prejudice and declining to exercise supplemental jurisdiction over state law clams pursuant to 28 U.S.C. § 1367(c)); *RooR v. Smoke This Too, LLC*, No. 16-cv-61439-BLOOM/Valle, 2017 WL 5714576, at *3 (S.D. Fla. Apr. 27, 2017) (same); *Novak v. Bradshaw*, No. 18-CV-80630-BLOOM/Reinhart, 2018 WL 3586178, at *4 (S.D. Fla. July 26, 2018) (same).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [5],** is **GRANTED**.
2. The Amended Complaint, **ECF No. [1-2]**, is **DISMISSED.**.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED.**
4. The case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
5. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 24, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Joe Nathan Pyatt, Jr.
820 85th Street
Apt. 4
Miami Beach, FL 33141
786-864-6971

Case No. 20-cv-20554-BLOOM/Louis

Email: Joe.nathan.pyattjr@gmail.com
PRO SE